UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN HOBBS,

        Petitioner,

v.                                    CASE NO. 05-CV-73907-DT
                                    HONORABLE MARIANNE O. BATTANI

BLAINE LAFLER,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

**I.    Introduction**

Melvin Hobbs ("Petitioner"), a Michigan prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of felony murder and first-degree home invasion following a jury trial in the Wayne County Circuit Court and was sentenced to concurrent terms of life imprisonment without the possibility of parole and 10-20 years imprisonment in 2002. In his pleadings, Petitioner raises claims of prosecutorial misconduct and ineffective assistance of counsel. For the reasons stated, the petition for writ of habeas corpus is denied.

**II.    Facts and Procedural History**

Petitioner's convictions arise from the murder of 18-year-old Aretha Benson at her home in Detroit, Michigan on March 25, 2002. The Court adopts the statement of facts set forth by defense counsel on Petitioner's direct appeal to the Michigan Court of Appeals. *See* Defendant-Appellant's Brief on Appeal, pp. 1-9 (Attached as Appendix A).

Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising several claims of error, including those raised in the present petition. The Michigan Court of Appeals affirmed his convictions. *People v. Hobbs*, No. 244913, 2004 WL 2315117 (Mich. Ct. App. Oct. 14, 2004) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Hobbs*, 473 Mich. 881, 699 N.W.2d 701 (2005).

Petitioner thereafter filed his federal habeas petition raising the following claims:

I. The prosecutor's introduction of Henry Woodard's highly prejudicial statement to the police, under the guise of impeachment, and his arguing this as substantive evidence of guilt, denied defendant a fair trial; defense counsel's failure to object constituted ineffective assistance of counsel.

II. Defendant was denied a fair trial, and the effective assistance of counsel by his attorney's failure to request, consistent with the defense theory, an instruction on the lesser offense of receiving or concealing stolen property.

III. The prosecutor's argument to the jury that the defendants had intended to rape the deceased and had "cast lots" for the proceedings of her property were without evidentiary support and highly inflammatory, and violated defendant's constitutional right to a fair trial; defense counsel's failure to objet amounted to ineffective assistance.

Respondent has filed an answer to the petition asserting that it should be denied because the claims are procedurally defaulted and/or lack merit.

**III.    Standard of Review**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to

2

      any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412;

3

*see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).  Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.  While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue.  *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, this Court presume the correctness of state court factual determinations.  *See* 28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption only with clear and convincing evidence.  *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**IV.   Analysis**

      A.   Prosecutorial Misconduct Claims

Petitioner asserts that he is entitled to habeas relief because the prosecutor engaged in misconduct by:  (1) introducing Henry Woodard's police statement as impeachment evidence but arguing it as substantive evidence of guilt, (2) stating that the defendants had intended to rape the victim, and (3) stating that the defendants had "cast lots" for the victim's property.  Respondent contends that these claims are barred by procedural default and/or lack merit.

      1.   Procedural Default

Federal habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules.  *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991).  A petitioner's procedural default in the state courts will preclude federal habeas review if the last state court rendering a

4

judgment in the case rested its judgment on the procedural default. *Wainwright*, 433 U.S. at 85; *Coleman v. Mitchell,* 244 F.3d 533, 539 (6th Cir. 2001). In such a case, a federal court must determine not only whether a petitioner has failed to comply with state procedures, but also whether the state court relied on the procedural default or, alternatively, chose to waive the procedural bar. "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263-64 (1989). The last *explained* state court judgment should be used to make this determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id.*

Here, the Michigan Court of Appeals rendered the last reasoned opinion on these issues and relied upon Petitioner's failure to object at trial in reviewing the claims for plain error and dismissing them. *See Hobbs*, 2004 WL 2315117 at *1. The failure to make a contemporaneous objection is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors. *See People v. Carines*, 460 Mich. 750, 763, 597 N.W.2d 130 (1999); *People v. Stanaway*, 446 Mich. 643, 687, 521 N.W.2d 557 (1994); *see also Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Moreover, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits. *See Paprocki v. Foltz*, 869 F.2d 281, 285 (6th Cir. 1989). Plain error review does not constitute a waiver of state procedural default rules. *See Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). Nor does a state court fail to sufficiently rely upon a procedural default by ruling on the merits in the alternative.

*See McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). The Michigan Court of Appeals denied these claims based upon a procedural default – Petitioner's failure to object during trial.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 753; *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).

Petitioner alleges ineffective assistance of counsel as cause to excuse his default. Petitioner, however, cannot establish cause or prejudice as his prosecutorial misconduct claims lack merit and do not warrant habeas relief. *See* discussion *infra*.

Petitioner has also not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has made no such showing. Petitioner's prosecutorial misconduct claims are thus barred by procedural default, lack merit, and do not warrant habeas relief.

    2.    <u>Merits</u>

The United States Supreme Court has stated that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction." *Berger v. United States*, 295 U.S. 78, 88 (1935). To prevail on a prosecutorial misconduct claim, a habeas petitioner must

demonstrate that the prosecutor's remarks or conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

The United States Court of Appeals for the Sixth Circuit has adopted a two-part test for determining whether prosecutorial misconduct violates a defendant's due process rights. *See Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002) (citing cases). First, the court must determine whether the challenged statements were indeed improper. *Id*. at 452. Upon a finding of impropriety, the court must decide whether the statements were flagrant. *Id.* Flagrancy is determined by an examination of four factors: 1) whether the statements tended to mislead the jury or prejudice the accused; 2) whether the statements were isolated or among a series of improper statements; 3) whether the statements were deliberately or accidentally before the jury; and 4) the total strength of the evidence against the accused. *Id.*; *see also Boyle v. Million*, 201 F.3d 711, 717 (6th Cir. 2000) (citing *United States v. Francis*, 170 F.3d 546, 549-50 (6th Cir. 1999)). "[T]o constitute the denial of a fair trial, prosecutorial misconduct must be 'so pronounced and persistent that it permeates the entire atmosphere of the trial,' or 'so gross as probably to prejudice the defendant.'" *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) (citations omitted).

Petitioner first alleges that the prosecutor engaged in misconduct by introducing Henry Woodard's police statement as impeachment evidence and arguing it as substantive evidence of guilt. In reviewing this claim for plain error, the Michigan Court of Appeals concluded that Woodard's statement was properly admitted under Michigan law as a prior inconsistent statement, even though it tended to inculpate Petitioner, because Woodard offered testimony other than the impeachment statement for which his credibility was relevant, namely testimony

7

regarding Petitioner's possession of the victim's cell phone and bracelet which could corroborate other testimony.  *See* Mich. R. Evid. 607; *People v. Kilbourn*, 454 Mich. 677, 682-83, 563 N.W.2d 669 (1997).  The court also found that the statement was properly admitted to refresh Woodard's memory.  Lastly, the court noted that the trial court instructed the jury about the proper use of Woodard's prior statement.  *See Hobbs*, 2004 WL 2315117 at *1.

Given the Michigan Court of Appeals' determination that Woodard's police statement was properly admitted under state evidentiary law, Petitioner cannot establish that the prosecutor engaged in misconduct and/or that he was prejudiced by the prosecutor's actions.  The state court's denial of relief on this claim is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.

Petitioner next asserts that the prosecutor argued facts not in evidence by implying that the defendants had intended to rape the victim.  It is well-settled that it is misconduct for a prosecutor to misstate the evidence or to assume the existence of prejudicial facts not in evidence.  *See Darden v. Wainwright*, 477 U.S. 168, 182 (1986); *United States v. Everett*, 270 F.3d 986, 993 (6th Cir. 2001).  However, a prosecutor has leeway to argue reasonable inferences from the evidence presented at trial.  *See Byrd v. Collins*, 209 F.3d 486, 535 (6th Cir. 2000).

The Michigan Court of Appeals rejected this claim, finding that the prosecution properly commented on the rape issue because co-defendant's counsel initially raised the issue and testimony about the rape kit and bed sheets was presented before both juries.  *See Hobbs*, 2004 WL 2315117 at *2.  Having reviewed the record, this Court agrees that the prosecutor did not engage in misconduct by implying that the victim was not raped due to Mr. Curtis' arrival at her home.  The prosecution's comments were responsive to defense arguments and were based

upon a reasonable inference from the evidence.  Further, the jury was well aware that the rape kit was not analyzed or admitted into evidence and that the defendants were not charged with rape.

Lastly, Petitioner asserts that the prosecutor engaged in misconduct by making inflammatory references to "casting lots" during closing arguments.  Generally, a prosecutor cannot take actions which are "calculated to incite the passions and prejudices of the jurors." *United States v. Solivan*, 937 F.2d 1146, 1151 (6th Cir. 1991).  In reviewing this claim for plain error, the Michigan Court of Appeals found that the prosecutor's argument was not an attempt to improperly appeal to the jurors' religious beliefs and concluded that any error as to the foundation for the argument was harmless given the other evidence presented at trial.  *See Hobbs*, 2004 WL 2315117 at *2.

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts.  The prosecutor's comment was not an overt appeal to jurors' religious beliefs.  Further, even if the prosecution's argument was improper, it was not so flagrant as to deprive Petitioner of a fair trial.  *See Macias*, 291 F.3d at 452.  The reference was relatively isolated, was not particularly material, and was not outcome determinative given the evidence at trial.  Moreover, any prejudice to Petitioner was alleviated by the trial court's instructions, including the fact that the attorneys' arguments are not evidence.  Under such circumstances, Petitioner cannot establish that his trial was rendered fundamentally unfair.  Habeas relief is not warranted on Petitioner's prosecutorial misconduct claims.

      B.    <u>Ineffective Assistance of Counsel Claims</u>

Petitioner also asserts that he is entitled to habeas relief because trial counsel was

ineffective for failing to request a jury instruction on the lesser offense of receiving or concealing stolen property and for failing to object to the alleged instances of prosecutorial misconduct. Respondent contends that these claims lack merit.

In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466

U.S. at 686).

Petitioner first alleges that counsel was ineffective for failing to request an instruction on the lesser offense of receiving or concealing stolen property. Citing the *Strickland* standard, the Michigan Court of Appeals rejected this claim, finding that such a request would have been futile because the crime of receiving or concealing stolen property is not a lesser included offense of felony murder under Michigan law. *See Hobbs*, 2004 WL 2315117 at *3.

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. Under Michigan law, a defendant may request and receive instructions on necessarily included lesser offenses without regard to the evidence, and on cognate lesser included offenses if the evidence would support a conviction on the lesser offense. *See People v. Beach*, 429 Mich. 450, 462, 418 N.W.2d 861 (1988). Here, the Michigan Court of Appeals ruled as a matter of law that receiving or concealing stolen property is not a lesser offense of felony murder. This determination is entitled to deference on habeas review as state courts are the final arbiters of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 126 S. Ct. 602, 604 (2005); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Because receiving or concealing stolen property is not a lesser offense of felony murder, a request for such an instruction would have been futile. Consequently, Petitioner cannot establish that trial counsel was deficient and/or that he was prejudiced by counsel's conduct in not requesting such an instruction.

Petitioner also asserts that counsel was ineffective for failing to object to the aforementioned alleged instances of prosecutorial misconduct. Given this Court's determination that Petitioner's prosecutorial misconduct claims lack merit, however, Petitioner cannot establish that defense counsel was ineffective for failing to object to such matters.

Habeas relief is not warranted on Petitioner's ineffective assistance of counsel claims.

## V.  Conclusion

For the reasons stated, this Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented in his petition.  Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

s/Marianne O. Battani<br>
MARIANNE O. BATTANI<br>
UNITED STATES DISTRICT JUDGE

DATED:  April 12, 2007

Habeas relief is not warranted on Petitioner's ineffective assistance of counsel claims.

## V.  Conclusion

For the reasons stated, this Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented in his petition.  Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED:  April 12, 2007